**IN THE UNITED STATES DISTRICT COURT** **FILED**
**EASTERN DISTRICT OF ARKANSAS** U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
**CENTRAL DIVISION**

SEP 0 9 2025

TAMMY H. DOWNS, CLERK

By:_____
DEP CLERK

| | |
|---|---|
| STACEY DVORAK, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| | § |
| HOME DEPOT, U.S.A., INC. D/B/A | § |
| THE HOME DEPOT, THE HOME | § |
| DEPOT, INC. D/B/A THE HOME | § |
| DEPOT, NEW WERNER HOLDING | § |
| CO., AND WERNER CO. | § |
| | § |
| Defendants. | § |

Case No. 4:25-CV-927-KGB

This case assigned to District Judge Baker

and to Magistrate Judge Harris

## DEFENDANTS' NOTICE OF REMOVAL

Defendant Home Depot, U.S.A., Inc. d/b/a The Home Depot, Defendant The Home Depot, Inc. d/b/a The Home Depot, Defendant New Werner Holding Co., and Defendant Werner Co. file this Notice of Removal, hereby removing this action to the Central Division of the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. §§ 1441 & 1446. In support of this Notice of Removal, Defendants would respectfully show as follows:

1.      On August 1, 2025, Plaintiff Stacey Dvorak ("Plaintiff") filed a lawsuit captioned *Dvorak v. Home Depot, U.S.A., Inc. d/b/a The Home Depot, et al*, Case No. 60CV-25-8846, in the Circuit Court of Pulaski County, Arkansas. (Ex. 1, Complaint).

2.      On August 14, 2025, Defendant Werner Co. was the first known Defendant to be served with the Complaint, via its registered agent.

3.      This Notice of Removal is timely because Defendants are filing this Notice within 30 days of service of the Complaint upon them. *See* 28 U.S.C. § 1446(b).

1

4.    Because all Defendants are parties to this Notice of Removal, no consent of any other party is required under 28 U.S.C. § 1446(b)(2). The undersigned counsel represents all Defendants in this matter, and is authorized to initiate or consent to removal on behalf of all Defendants.

5.    This action is being removed because: (1) there is complete diversity of citizenship between the parties, and no defendant is a citizen of the state of Arkansas, pursuant to 28 U.S.C. § 1332(a)(2), and (2) the amount in controversy exceeds $75,000.

6.    As alleged in the Petition, Plaintiff Stacey Dvorak is an individual resident of Little Rock, Pulaski County, Arkansas. (Ex. 1 at 1, ¶ 1). She is thus a domiciliary of the state of Arkansas and a citizen of the state of Arkansas.

7.    Defendant Home Depot, U.S.A., Inc. d/b/a The Home Depot is accurately referred to in Plaintiff's Complaint as a corporation formed under the laws of the state of Delaware with its principal place of business at 2455 Paces Ferry Road SE, Atlanta, Georgia 30339. (Ex. 1 at 1, ¶ 2). It is therefore a citizen of the states of Delaware and Georgia.

8.    Defendant The Home Depot, Inc. d/b/a The Home Depot is accurately referred to in Plaintiff's Complaint as a corporation formed under the laws of the state of Delaware with its principal place of business at 2455 Paces Ferry Road SE, Atlanta, Georgia 30339. (Ex. 1 at 1-2, ¶ 3). It is therefore a citizen of the states of Delaware and Georgia.

9.    Defendant New Werner Holding Co. is accurately referred to in Plaintiff's Complaint as a corporation formed under the laws of the state of Delaware with its principal place of business at 93 Werner Road, Greenville, Pennsylvania 16125. (Ex. 1 at 2, ¶ 4). It is therefore a citizen of the states of Delaware and Pennsylvania.

2

10.    Defendant Werner Co is accurately referred to in Plaintiff's Complaint as a corporation formed under the laws of the state of Delaware with its principal place of business at 555 Pierce Road, Ithica, Illinois 60142. (Ex. 1 at 2, ¶ 5). It is therefore a citizen of the states of Delaware and Illinois.

11.    Because Plaintiff is a citizen of Arkansas and Defendants are citizens of Illinois, Delaware, Pennsylvania, and Georgia, there is complete diversity of citizenship.

12.    Additionally, the amount in controversy exceeds $75,000.00. In the Complaint, Plaintiff does not specify the exact amount of her damages, but does plead that she "sustained permanent injuries, severe pain and suffering, and has undergone two serious surgeries due to her injuries." (Ex. 1 at 4, ¶ 15). She also asserts damages for loss of earning capacity, emotional distress, pain and suffering, and punitive damages. (Ex. 1 at 4-5, ¶ 20). Based on these allegations, it is clear that the damages exceed $75,000.00.

13.    There is therefore complete diversity of citizenship and the amount in controversy exceeds $75,000.00, and this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a).

14.    Because no Defendant is a citizen of the state of Arkansas, removal is permissible under 28 U.S.C. § 1441(b)(2).

15.    This case is being removed to the Central Division of the United States District Court for the Eastern District of Arkansas, which is the district and division within which the action is pending. *See* 28 U.S.C. § 1446(a).

16.    Pursuant to Local Rule CV-81, Defendants inform the Court that Plaintiff's Petition includes a demand for trial by jury.

17.    Copies of all pleadings, process, orders, and other filings in the state court action to which the removing parties now have access are attached to this notice as required by 28 U.S.C. §

3

1446(a). Those are included in Exhibit 1, which include the Summons and Complaint filed in state court.

18.    Notice that this Notice of Removal has been filed is being provided to the state court and all other parties, pursuant to 28 U.S.C. § 1446(d).

Dated: September 9, 2025.

Respectfully submitted,

*James T. Sayes*
JAMES T. SAYES, ABN 2011191
Matthews, Sanders & Sayes, P.A.
825 W. Third Street
Little Rock, AR 72201
PH: 501-378-0717 (ext. 5) | FX: 501-375-2924
jsayes@msslawfirm.com

Don Swaim
*Pro Hac Vice* Forthcoming
Alex J. Whitman
*Pro Hac Vice* Forthcoming
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
rcunningham@cunninghamswaim.com
awhitman@cunninghamswim.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of this document is being served via CM/ECF and/or email in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on September 9, 2025.

*James T. Sayes*
JAMES T. SAYES

# Exhibit "1"

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/14/2025
CT Log Number 549868484

## Service of Process Transmittal Summary

**TO:**  Paula Larsen
WERNER CO.
61 EXECUTIVE CT, NORTH BUILDING
WEST MIDDLESEX, PA 16159-3070

**RE:**  **Process Served in Delaware**

**FOR:**  Werner Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: STACEY DVORAK // To: Werner Co. |
| **CASE #:** | 60CV258846 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/14/2025 at 13:00 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Paula Larsen  palarsen@wernerco.com |
| | Email Notification, William Tidwell  tidwewd@wernerco.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company |
| | 1209 Orange Street |
| | Wilmington, DE 19801 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |
| **REMARKS:** | Our records indicate that we are agent for all entities beginning with WERNER CO and they all share the same delivery instructions. |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**  Thu, Aug 14, 2025
**Server Name:**  Wilmington Drop Serve

| Entity Served | WERNER COMPANY |
|---|---|
| Case Number | 60CV258846 |
| Jurisdiction | DE |

| Inserts |
|---|
|  |



**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT**

STACEY DVORAK V HOME DEPOT, U.S.A. ET AL

60CV-25-8846

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

WERNER COMPANY
c/o The Corporaiton Trust Co
1209 Orange Street
wilmington, DE  19801

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Denise Reid Hoggard
P.O. Box 17250
Little Rock, AR  72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK OF COURT

Christy R McDaniel

CLERK Christy Renee McDaniel, DC

Date: 08/01/2025

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Christy R McDaniel

Circuit Clerk

Date: 08/01/2025

No. 60CV-25-8846 This summons is for WERNER COMPANY (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____            SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____            By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT**

STACEY DVORAK V HOME DEPOT, U.S.A. ET AL

60CV-25-8846

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

NEW WERNER HOLDING CO, INC D/B/A WERNER CO.
1209 Orange Street
Wilmington, DE  19801

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Denise Reid Hoggard
P.O. Box 17250
Little Rock, AR  72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

CLERK OF COURT

*Christy R McDaniel*

CLERK Christy Renee McDaniel, DC

Date: 08/01/2025

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

Christy R McDaniel

Circuit Clerk

Date: 08/01/2025

No. 60CV-25-8846 This summons is for NEW WERNER HOLDING CO, INC D/B/A WERNER CO. (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT**

<u>STACEY DVORAK V HOME DEPOT, U.S.A. ET AL</u>

60CV-25-8846

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

THE HOME DEPOT INC. D/B/A THE HOME DEPOT
c/o Corporation Service
Company
251 Little Falls Drive
Wilmington, DE  19808

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Denise Reid Hoggard
P.O. Box 17250
Little Rock, AR  72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Address of Clerks Office

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM

CLERK Christy Renee McDaniel, DC

LITTLE ROCK, AR  72201                    Date: 08/01/2025

**NOTICE OF RIGHT TO CONSENT**
**TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE**

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

*Christy R McDaniel*

Circuit Clerk

Date: 08/01/2025

No. 60CV-25-8846 This summons is for THE HOME DEPOT INC. D/B/A THE HOME DEPOT (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Aug-01 09:45:44
60CV-25-8846
C06D06 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**STACEY DVORAK**                                                           **PLAINTIFF**

.VS.                                          **NO.**

**HOME DEPOT, U.S.A., INC.**                                          **DEFENDANTS**
**D/B/A THE HOME DEPOT;**
**THE HOME DEPOT, INC.**
**D/B/A THE HOME DEPOT,**
**NEW WERNER HOLDING CO., INC.**
**D/B/A WERNER CO., AND**
**WERNER CO.**

## COMPLAINT

COMES now the Plaintiff, by and through his attorneys, Rainwater, Holt & Sexton, P.A., and for her Complaint against the Defendants, states and alleges the following:

1.      At all times relevant and material to this action Plaintiff was a resident of Little Rock, Pulaski County, Arkansas.

2.      At all times relevant and material to this action Defendant Home Depot U.S.A. Inc., d/b/a The Home Depot (hereinafter "Home Depot") was a Delaware corporation doing business in the State of Indiana, with its principal office located at 2455 Paces Ferry Road SE, Atlanta, Georgia 30339, and whose current registered agent is Corporation Service Company, located at 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

3.      At all times relevant and material to this action Defendant, The Home Depot, Inc., d/b/a The Home Depot (hereinafter "The Home Depot") was a Delaware Corporation, doing business in the State of Indiana, with its principal office located at 2455 Paces Ferry Rd SE,

1

Atlanta, Georgia 30339, and whose current registered agent is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

4.     At all times relevant to this action New Werner Holding Co., Inc., (hereinafter "New Werner") was a Delaware corporation doing business in the State of Indiana, with its principal office located at 93 Werner Road, Greenville, Pennsylvania, 16125 and with its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

5.     At all times relevant to this action Werner Co. was a Delaware corporation doing business in the State of Indiana, with its principal office located 555 Pierce Road, Suite 300, Itasca, Illinois, 60142, and with its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## COUNT I – PRODUCT LIABILIY

6.     On or about November 28, 2022, the Plaintiff, Stacey Dvorak purchased a Werner Multi-Max Pro 24-foot Reach Aluminum Telescoping Multi-Position Ladder from the Home Depot store located at 12610 Chenal Pkwy, Little Rock, AR   72211.

7.     Said ladder provided a 375-pound load capacity type IAA duty rating.

8.     Thereafter, the Plaintiff attempted to use the ladder in her home on October 2, 2023.

9.     Plaintiff ascended the ladder which collapsed underneath her causing her to fall, seriously injuring the Plaintiff.

10.     That at all times relevant and material Werner, New Werner, Home Depot and The Home Depot were engaged in the business of manufacturing, fabricating, designing,

2

assembling, distributing, wholesaling, retailing, buying, selling, inspecting, servicing, repairing, marketing, warrantying, modifying, and/or advertising the Multi-Max Pro 24-foot Reach Aluminum Telescoping Multi-Position Ladder (hereinafter "the subject commercial product")

11.     That at all times relevant and material Werner, New Werner, Home Depot and The Home Depot negligently and carelessly manufactured, fabricated, designed, assembled, distributed, bought, wholesaled, retailed, sold, inspected, serviced, repaired, marketed, warranted, modified, and/or advertised the subject commercial product and each and every component part thereof, in that the same was capable of causing, and did in fact cause personal injuries while the product was being used in a manner foreseeable, thereby rendering the same unsafe and dangerous for use by a consumer, user or bystander.

12.     That at all times mentioned herein the subject commercial product was defectively designed, manufactured, and/or lacked adequate warnings, instructions, and safety provisions, all of which were foreseeably responsible for causing Plaintiff's injuries.

13.     Accordingly, Werner, New Werner, Home Depot and The Home Depot owed a duty to Plaintiff, the end user, to design, assemble and store, prior to sale, the subject commercial product in such a way that made the product safe for its intended use.

14.     Werner, New Werner, Home Depot and The Home Depot knew or should have known when building, assembling and selling the subject commercial product that it was designed defectively, creating an unreasonable risk for Plaintiff.

15.     Werner, New Werner, Home Depot and The Home Depot were negligent in failing to properly design, manufacture, install, and/or communicate the defect in the subject commercial product to foreseeable consumers and/or users and as a direct and proximate result,

3

Plaintiff sustained permanent injuries, severe pain and suffering and has undergone two serious surgeries due to her injuries.

16.    That Defendants Werner, New Werner, Home Depot and The Home Depot sold, leased, or otherwise put the subject commercial product into the stream of commerce.

17.    On or about November 28, 2022, at the time Home Depot and The Home Depot sold the subject commercial product to Plaintiff, said product was in a defective condition which was unreasonably dangerous to Plaintiff.

18.    On or about November 28, 2022, Plaintiff was a user of the ladder and was in the class of persons that Defendants Werner, New Werner, Home Depot and The Home Depot should have reasonably expected to be subject to the harm caused by the defective condition.

19.    That the ladder was expected to be used and was used by Plaintiff without substantial alteration of the condition in which Defendants Werner, New Werner, Home Depot and The Home Depot sold, or otherwise put the subject commercial product into the stream of commerce.

20.    That the defective condition of the subject commercial product was a responsible cause of physical harm to Plaintiff.

**WHEREFORE**, the Plaintiff, seeks the following relief:

a. For the court to assume jurisdiction over this cause;

b. To award damages for loss of earning capacity;

c. To award actual damages to the Plaintiff in an amount to adequately compensate Plaintiff for his injuries, emotional distress, pain and suffering, as well as future pain and suffering;

d. For an award of punitive damages in an amount to adequately punish said Defendants for their despicable conduct and conscious disregard for the safety of others, and to

4

deter any such despicable conduct and conscious disregard for the safety of others in the future;

e.   To grant Plaintiff's costs of this action, reasonable attorney's fees, with prejudgment interest, post judgment interest and all other relief which is just and proper in the premises.

f.   For hospital, medical, professional, and incidental expenses and all other relief which is just and proper in the premises.

Respectfully submitted,

Attorney for Plaintiff

By:    /s/Denise Hoggard
       Denise Hoggard
       RAINWATER, HOLT & SEXTON, P.A.
       P.O. Box 17250
       Little Rock, AR 72222
       (501) 868-2500
       (501) 868-2505 Fax
       Email: hoggard@rainfirm.com

5