**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **STACEY DVORAK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **HOME DEPOT, U.S.A., INC. D/B/A** | § | **Case No. 4:25-cv-00927-KGB** |
| **THE HOME DEPOT, THE HOME** | § | |
| **DEPOT, INC. D/B/A THE HOME** | § | |
| **DEPOT, NEW WERNER HOLDING** | § | |
| **CO., AND WERNER CO.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendant Home Depot, U.S.A., Inc. d/b/a The Home Depot ("Home Depot, U.S.A."), Defendant The Home Depot, Inc. d/b/a The Home Depot ("Home Depot, Inc."), Defendant New Werner Holding Co. ("New Werner"), and Defendant Werner Co. ("Werner") (collectively "Defendants") file the following Answer and Affirmative Defenses to Plaintiff Stacey Dvorak's Complaint, and answer the allegations therein as follows:

1. Defendants lack sufficient information to admit or deny the allegations of this Paragraph, and accordingly deny same.

2. Defendants admit the allegations of this Paragraph.

3. Defendants admit the allegations of this Paragraph.

4. Defendants admit the allegations of this Paragraph.

5. Defendants admit the allegations of this Paragraph.

### COUNT I – PRODUCT LIABILITY

6. Defendants lack sufficient information to admit or deny the allegations of this

Paragraph, and accordingly deny same.

7. Defendants admit that the Werner Multi-Max Pro 24-foot Reach Aluminum Telescoping Multi-Position Ladder has a 375-pound load capacity type IAA duty rating.

8. Defendants lack sufficient information to admit or deny the allegations of this Paragraph, and accordingly deny same.

9. Defendants lack sufficient information to admit or deny the allegations of this Paragraph, and accordingly deny same.

10. Defendants admit that at all relevant times Werner and New Werner were engaged in the business of manufacturing, designing, and selling the Multi-Max Pro 24-foot Reach Aluminum Telescoping Multi-Position Ladder, and that Home Depot, Inc. and Home Depot, U.S.A. were engaged in the business of selling the Multi-Max Pro 24-foot Reach Aluminum Telescoping Multi-Position Ladder. Defendants deny the remaining allegations of Paragraph 10.

11. Defendants deny the allegations of this Paragraph.

12. Defendants deny the allegations of this Paragraph.

13. Defendants admit they owe certain duties as a matter of law. Defendants deny the remaining allegations of this Paragraph.

14. Defendants deny the allegations of this Paragraph.

15. Defendants deny the allegations of this Paragraph.

16. Defendants admit that Werner and New Werner placed the Multi-Max Pro 24-foot Reach Aluminum Telescoping Multi-Position Ladder product into the stream of commerce. Defendants deny the remaining allegations of this Paragraph.

17. Defendants deny the allegations of this Paragraph.

18. Defendants deny the allegations of this Paragraph.

19. Defendants lack sufficient information to admit or deny the allegations of this Paragraph, and accordingly deny same.

20. Defendants deny the allegations of this Paragraph.

Defendants deny that Plaintiff is entitled to the damages requested in the *ad damnum* clause following Paragraph 20.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Defendants plead the affirmative defense of contributory and/or comparative negligence or fault on the part of Plaintiff and/or other parties to the case or non-parties to this action over which they had no control, and assert that they should be only held liable for their own proportion of fault as determined by the finder of fact.

3. Defendants plead that Plaintiff's alleged damages are the result of an intervening, superseding, or new and independent cause for which Defendants have no responsibility.

4. Defendants plead that Plaintiff's claims are barred because Plaintiff was advised of the risks associated with the matters alleged in Plaintiff's Complaint and he knowingly and voluntarily assumed them. Under the doctrines of assumption of the risk, informed consent, release, waiver, or comparative fault, this conduct bars, in whole or in part, the damages that Plaintiff seeks to recover.

5. Defendants plead the affirmative defense of misuse.

6. The product in question was not unreasonably dangerous at the time it left the control of the manufacturer or supplier, and may have been made unreasonably dangerous by

unforeseeable alteration, change, improper maintenance, or abnormal use, entitling Defendants to a defense under Section 16-116-206 of the Arkansas Code.

7.  The ladder in question complies with all relevant government standards and regulations, including with ANSI standards as incorporated by OSHA, and Defendants are entitled to all potentially applicable statutory presumptions or relief based on such compliance, including Section 16-116-205 of the Arkansas Code.

8.  Defendants plead the defenses of contributory negligence, comparative negligence, comparative responsibility, and/or comparative causation on the part of other parties over whom Defendants had no control, including Plaintiff, and for whose actions Defendants had no responsibility. This may include the failure to view, read, or abide warnings provided on, with, or applying to the product in question.

9.  Plaintiff's damages for past medical care, treatment, or services are limited by the provisions of Section 16-64-120 of the Arkansas Code, including subsection (b), to those services actually paid by or on behalf of Plaintiff or that remain unpaid and for which Plaintiff or any third party is legally responsible.

10.  Plaintiff's claims are barred by her failure to mitigate damages, if any.

11.  Any award of punitive or exemplary damages is limited by the due process provisions of the United States Constitution or any other constitution deemed applicable to this matter.

12.  The laws of other jurisdictions may be applicable to this matter or certain issues in this matter.

13.    Certain of Defendants named herein are the wrong defendants who were not involved in the manufacture, design, distribution, and/or sale of the product in question and are therefore not proper party defendants.

## **PRAYER**

WHEREFORE, Defendants pray that Plaintiff take nothing by way of her claims, that judgment be entered in favor of Defendants, for costs of court, and for all other relief to which Defendants are justly entitled.

Dated: September 15, 2025

Respectfully submitted,

*James T. Sayes*

JAMES T. SAYES ABN 2011191
Matthews, Sanders & Sayes, P.A.
825 W. Third Street
Little Rock, AR 72201
PH: 501-378-0717 (ext. 5) | FX: 501-375-2924
jsayes@msslawfirm.com

Don Swaim
*Pro Hac Vice* Forthcoming
Alex J. Whitman
*Pro Hac Vice* Forthcoming
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
rcunningham@cunninghamswaim.com
awhitman@cunninghamswim.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of this document is being served via CM/ECF in accordance with the applicable Local Rules and Federal Rules of Civil Procedure on September 15th, 2025

*James T. Sayes*

JAMES T. SAYES